# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KERRY R. HOLDEN, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1249-C |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
|        Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration denying her application for disability insurance benefits. Pursuant to an order entered by United States District Judge Robin J. Cauthron, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record. Plaintiff has briefed her position. However, rather than addressing the merits, the Commissioner has filed an unopposed motion to reverse and remand the matter for further administrative proceedings. [Doc. No. 22]. For the reasons stated herein, it is recommended that the Commissioner's motion be granted, and that this matter be reversed and remanded for additional administrative proceedings.

In her opening brief, Plaintiff raised the following points of error: (1) the administrative law judge failed to provide legitimate reasons for rejecting the opinions of her treating physician and failed to consider the proper factors in evaluating the weight that

should be given, Plaintiff's Opening Brief, 14-20; (2) the administrative law judge failed to make sufficient and accurate findings regarding the requirements of her past relevant work in terms of sitting, standing, and reaching, and failed to obtain sufficient factual information regarding those demands, Id. at 21-24; (3) the administrative law judge's hypothetical questions to the vocational expert did not resemble the restrictions contained in his residual functional capacity (RFC) assessment, Id. at 25-27; and (4) the administrative law judge failed to discuss significantly probative evidence that conflicted with his findings, Id. at 28-30.

The brief in support of the motion to remand for further administrative proceedings basically tracks the errors urged by Plaintiff in her opening brief, and the Commissioner moves the Court to remand the case pursuant to the fourth sentence of § 405(g) so that the administrative law judge can:

> (1) conduct a de novo hearing; (2) reevaluate and weigh the opinion of Plaintiff's treating physician and provide sufficiently specific reasons for the weight assigned to the opinion; (3) perform a proper analysis of the physical and mental requirements of Plaintiff's past relevant work and comparison of those requirements with Plaintiff's residual functional capacity in order to determine whether she can perform past relevant work; (4) Obtain vocational testimony regarding Plaintiff's ability to perform other work based on a proper hypothetical question that accurately reflects Plaintiff's residual functional capacity; and (5) issue a new decision.

Defendant's Unopposed Motion to Reverse and Remand, 1-2.

This case is governed by 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner in social security cases. Section 405(g) specifies what actions the district court may take on review, and gives the district court only limited

authority to remand a case to the agency. Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991). First, the court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the Commissioner's decision: a "sentence four" remand.[1] Second, the district court may remand without ruling on the merits if (a) for good cause, the Commissioner requests remand prior to filing his answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding. These are known as "sentence six" remands. Nguyen v. Shalala, 43 F.3d 1400, 1403 (10th Cir. 1994); 42 U.S.C. § 405(g). The unopposed motion to reverse and remand now before the Court requests a sentence four remand.

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the Plaintiff's Opening Brief, the undersigned recommends that the motion to remand of the Commissioner be granted and that the matter be reversed and remanded for further administrative proceedings. It is recommended that upon remand, the administrative law judge be directed to:

> (1) conduct a de novo hearing; (2) reevaluate and weigh the opinion of Plaintiff's treating physician and provide sufficiently specific reasons for the weight assigned to the opinion; (3) perform a proper analysis of the physical and mental requirements of Plaintiff's past relevant work and comparison of those requirements with Plaintiff's residual functional capacity in order to determine whether she can perform past relevant work; (4) Obtain vocational testimony regarding Plaintiff's ability to perform other work based on a proper hypothetical question that accurately reflects Plaintiff's residual functional

---

[1] This refers to the fourth sentence of § 405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."

capacity; and (5) issue a new decision.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the Commissioner's motion for remand [Doc. No. 22] be granted because the decision of the administrative law judge decision did not employ correct legal standards and is not supported by substantial evidence. It is further recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with the instructions set forth above. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by August 2, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 14th day of July, 2010.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE